**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DAVID HULBERT, et al.,**

       **Plaintiffs,**

**v.**                          **Case No. 3:05cv265/RV**

**WELLS FARGO BANK, N.A., et al.,**

       **Defendants.**

_____

## ORDER

      The Plaintiffs, David Hulbert and Marion Bailey, brought an action in the Circuit Court of Escambia County, Florida, against New Horizon Financial Corp., Thomas R. Keeven Appraisals, Wells Fargo Bank, N.A., Wells Fargo Insurance, Inc., State Farm Florida Insurance Company, Sharon Vogt, Re/Max Horizons Realty, Security First Title Partners of Pensacola, Ltd., and other individuals and organizations, alleging claims of negligence and breach of contract. The case was removed to this court on July 14, 2005. Two motions to dismiss have now been filed, one by Defendants Wells Fargo Bank, N.A. and Wells Fargo Insurance, Inc. (Doc. 22) and another by Defendant Thomas R. Keeven Appraisals (Doc. 42). A hearing on these motions was held on September 27, 2005.  At the hearing, the parties were advised that I had some doubt about the subject matter jurisdiction and they were given an opportunity to submit memoranda on that matter by October 11, 2005.

## II.    FACTUAL BACKGROUND:

This case involves flood damage caused by hurricane Ivan to a single-family residence located at 509 South Navy Blvd, in Escambia County, Florida ("the property"). The Plaintiffs, David Hulbert and Marion Bailey, purchased the tidal waterfront property in the spring of 2004. To secure financing for the purchase, the Plaintiffs entered into a loan agreement with New Horizon Financial Corp. ("New Horizon") for a mortage loan of $176,000. This loan was assigned to Wells Fargo Bank, N.A. ("Wells Fargo Bank") after closing.

The National Flood Insurance Act ("NFIA") [42 U.S.C. § 4000 et seq.], prohibits most financial institutions from lending money secured by property in Special Hazard Flood Areas unless the lender requires the borrower to obtain flood insurance for the amount of the loan. Special Hazard Flood Areas are areas designated by FEMA to have a high risk of flooding. In order to comply with the provisions of NFIA, Wells Fargo Bank commissioned Wells Fargo Insurance, Inc. ("Wells Fargo Insurance") to perform a Standard Flood Hazard Determination ("flood determination") for the property to determine whether it was in a Special Hazard Flood Area. Apparently due to a typographical error,[1] the flood determination incorrectly concluded that the property was not in a Special Hazard Flood Area, and that flood insurance was not mandatory. As part of the closing, the Plaintiffs were assessed a $16.00 fee for the flood determination.

Prior to closing, the property was appraised by Thomas R. Keeven Appraisals ("Keeven") on behalf of New Horizon. This appraisal also erroneously indicated that the property was not in a flood zone. The Plaintiffs elected to not purchase flood insurance, purportedly relying on the erroneous flood determination and the appraisal. The Plaintiffs did purchase standard fire and windstorm insurance from State Farm

---

[1] The flood determination was actually made for 509 <u>North</u> (instead of South) Navy Blvd, an address apparently first erroneously incorporated into the Residential Sales Agreement by realtor Sharon Vogt.

Florida Insurance Company ("State Farm"), but this did not cover flood damage. In September of 2004, the property sustained significant damage due to hurricane Ivan, much of which was apparently due to flooding by the hurricane's storm surge. State Farm has denied the Plaintiffs' claim for damage to the extent that it involved damage caused by flooding.

## II.   DISCUSSION:

The jurisdictional issue must be decided before I can reach the merits of the pending motions to dismiss.  In their Notice of Removal, the Defendants claimed federal-question jurisdiction on two separate grounds: (1) that the Plaintiffs' negligence claims in Count I were either expressly or impliedly based on a violation of NFIA; and (2) that as the Plaintiffs' breach of contract claims in Count II sought to challenge the disallowance of a flood damage claim, it was subject to exclusive federal jurisdiction under Title 42, United States Code, Section 4072. I will address each basis separately.

(1) <u>NFIA</u>. It does not appear from the face of the Plaintiffs' complaint that they are attempting to allege a claim under NFIA itself. Rather, at most the Plaintiffs appear to be using the Defendants' failure to comply with NFIA as a basis for their duty towards the Plaintiffs. Under Florida law, the violation of a federal, state, or local statutes by a party is considered evidence of negligence, and may even constitute negligence per se, depending on the circumstances. <u>deJesus v. Seaboard Coast Line Railroad Company</u>, 281 So.2d 198 (Fla. 1973); <u>Eckelbarger v. Frank</u>, 732 So.2d 433 (Fla. 2nd DCA 1999). The parties do not appear to dispute that one or more of the Defendants may have violated NFIA by failing to require the Plaintiffs to purchase flood insurance, but they also accept that there is no private cause of action within NFIA. Nevertheless, the Defendants argue that the inclusion of NFIA standards as part of the Plaintiffs' state law negligence claim is sufficient to confer federal-question jurisdiction over the case.

Removal is proper if the Plaintiffs could have brought this action originally in federal district court as a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While this ordinarily means that the case must involve some federal claims, state claims may also confer "arising under" jurisdiction if the resolution of the claim depends upon the construction or application of federal law. See, e.g., Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S. Ct. 243, 65 L. Ed. 577 (1921). However, because of the potential of this rule to flood the federal docket with state claims, courts have been wary of finding "arising under" jurisdiction based on non-federal claims. For a state claim involving federal law to confer "arising under" jurisdiction, the contested federal issue involved must be substantial, there must a serious federal interest in claiming the advantages of a federal forum, and the resolution of the case by the federal courts must not upset Congress' judgment about the sound division of labor between state and federal courts governing the application of Section 1331. Grable & Sons Metal Products v. Darue Engineering & Manufacturing, ___ U.S. ___, 125 S. Ct. 2363, 2368, 162 L. Ed. 2d 257 (2005).

The leading case on this issue is Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). Merrell Dow involved a state tort claim resting in part on the allegation that the defendant drug company had violated a misbranding prohibition of the federal Food, Drug, and Cosmetic Act ("FDCA"), and thus was presumptively negligent under Ohio law. Id., at 805-06, 106 S. Ct. 3230-31. It was conceded by both sides in the case that, as in this case, there was no federal private cause of action for violations of the FDCA. The case was removed to federal court by the defendant, who argued that the incorporation of a federal standard into a state law claim provided federal question jurisdiction. Id. The Supreme Court rejected this argument, holding that, "the congressional determination that there should be no federal remedy for the violation of this federal statute is

tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." Id., at 812, 106 S. Ct. at 3234.

The Supreme Court's holding in Merrell Dow has recently been reaffirmed and clarified in the 2005 Grable & Sons Metal Products decision, supra.[2] According to the court in Grable & Sons Metal Products, the lack of a federal private cause of action was relevant to the federal-question analysis in two ways. First, the fact that congress did not deem the statute in question worthy of a private cause of action was relevant to the substantiality of the federal issue involved. Grable, id., at 2370.  However, of primary importance was the risk that if any state law claim incorporating federal standards were to be allowed into federal court, the courts would be flooded with cases of a type that Congress had specifically decided were not worthy of a federal private cause of action. Id.

Applying Merrell Dow to the facts of this case, it appears that "arising under" jurisdiction is not appropriate.  First, there is no implied private cause of action for damages for the violation of NFIA. Till v. Unifirst Federal Savings and Loan, 653 F.2d 152 (5th Cir. 1981).[3]  Second, granting "arising under" jurisdiction to state law negligence claims that incorporate federal standards would significantly upset the sound division of labor between federal and state courts envisioned by Congress. The violation of federal statutes and regulations is commonly considered negligence per se in state tort proceedings. See W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Torts § 36, p. 221, n. 9 (collecting cases). It is improbable that

---

[2]Grable & Sons Metal Products involved a state quiet title action that turned exclusively on the proper interpretation of certain federal tax provisions. The Court held that jurisdiction over the case was appropriate as the only disputed issue in the case was an issue of federal law, and the inclusion of such cases within the Court's "arising under" jurisdiction would not flood the federal courts with state title actions, as such actions would only rarely turn on contested issues of federal law. Grable & Sons Metal Products, supra, 125 S. Ct. at 2368.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Till was decided on August 7, 1981.

Congress, having made no provision for a private federal cause of action for violations of NFIA, would "have meant to welcome any state-law tort case implicating federal law 'solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence]... under state law.'" Grable & Sons Metal Products, supra, 125 S. Ct., at 2371 (quoting Merrel Dow, supra, 478 U.S. at 811-12, 106 S.. Ct. 3229).

(2) Section 4072. The second purported source of federal jurisdiction in this case is Title 42, United States Code, Section 4072, which authorizes litigation against certain insurance providers who refuse to pay claims for flood damage. It is not at all clear how this statute could be relevant to this case. Count II of the Plaintiffs complaint alleges a claim of breach of contract by State Farm based on their refusal to pay non-flood related damage to the property. Plaintiffs concede that their policy with State Farm did not, at least on its face, cover flood damage, and there is nothing in the Plaintiffs' complaint that would bring this action under Section 4072.

## III.  CONCLUSION

For the above reasons, I conclude that this court does not have subject matter jurisdiction, and therefore, the case must be, and is hereby, REMANDED to the Circuit Court of Escambia County, Florida.

DONE AND ORDERED this 10th day of November, 2005.

/s/ Roger Vinson
**ROGER VINSON**
**Senior United States District Judge**